UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANDA M.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. C20-1846-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING** |

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found obesity, Wernicke-Korsakoff syndrome, and neurodegenerative disorder versus somatoform disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work subject to a series of further limitations; and Plaintiff is not disabled because she can perform jobs in the national economy. Tr. 17-30.

Plaintiff contends the ALJ erred by failing to "consider, discuss or find" Plaintiff's cognitive communicative disorder is a severe impairment. Dkt. 13. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 1

## DISCUSSION

The Court may reverse the Commissioner's denial of Social Security benefits if the ALJ's decision is legally erroneous or not supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Plaintiff argues the ALJ erred by not finding cognitive communication disorder is a severe impairment. The Commission contends even if the ALJ erred by failing to find cognitive communication disorder severe at step two, the error is harmless because the ALJ properly rejected Plaintiff's testimony concerning the impairment's limiting effects.

The ALJ discounted Plaintiff's testimony concerning cognitive communication disorder on the ground Plaintiff "typically exhibits … normal speech or adequate language ability without acute receptive or expressive language difficulties, except slow word forming speed, and/or staring or slurring speech at times." Tr. 25 (internal citation omitted). The ALJ thus specifically found Plaintiff's speech was slow (or she "stared") and slurred which are the crux of Plaintiff's testimony about her communication limitations. Having accepted the limitation, the ALJ erred by failing to provide a clear and convincing ground to exclude it from the RFC determination.

The ALJ also found Plaintiff's speech limitations improved with treatment, noting in January 2019 Plaintiff reported "speech therapy helps her cognition" and in May 2019 a provider indicated the "etiology for the claimant's neurologic abnormality remains unclear but the claimant is 'doing quite well' and her slurred speech is improved." Tr. 26. To the extent Plaintiff's slurred speech "improved" with treatment – a finding on which the ALJ does not elaborate – the record shows any improvement was short-lived. For example, a treatment note from August 2019 indicates Plaintiff reported "my words are messed up again," and Plaintiff's provider noted "[s]ometimes she exhibits scanning speech, and was doing so this afternoon." Tr.

784. Similarly, a treatment note from January 16, 2020 indicates Plaintiff "continues with staring, slurring words[.]" Tr. 799. Thus, contrary to the ALJ's finding, the longitudinal record portrays Plaintiff's struggle with speech issues throughout the relevant period. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").

Finally, the ALJ relied on his own observations of Plaintiff, finding "when testifying at the hearing, the claimant demonstrated fluent language skills. While the hearing was short-lived and cannot be considered a conclusive indicator of the claimant's overall ability to talk on a day-to-day basis, the apparent lack of speech problem during the hearing is considered in reaching the conclusion regarding the persuasiveness of the claimant's allegations and the claimant's residual functional capacity." Tr. 26. The ALJ erred for two reasons. First, as Plaintiff correctly argues, such "sit and squirm" observations are disfavored. Dkt. 13 at 6. Second, the ALJ expressly acknowledged the limit of his hearing observations, finding they "cannot be considered a conclusive indicator of the claimant's overall ability to talk on a day-to-day basis." Tr. 26. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

In sum, Plaintiff alleged her communication disorder limited her ability to work. The record establishes Plaintiff suffers from the disorder and the ALJ in fact found it caused "slow word forming speed, and/or staring or slurring speech at times" as Plaintiff claimed. Although the ALJ found the communication caused the limitation, the ALJ failed to assess its impact, and failed to provide valid reasons to discount Plaintiff's testimony. This failure was harmful because it led to a RFC determination that did not account for all of Plaintiff's limitations.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and the case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the evidence concerning Plaintiff's cognitive communication disorder including her testimony, develop the record and redetermine Plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 20th day of August 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge